James A. Medina    261376
<u>Name and Prisoner/Booking Number</u>

ASPC: Eyman , UNIT: Meadows
<u>Place of Confinement</u>

P.O. Box 3300
<u>Mailing Address</u>

Florence, AZ. 85132
<u>City, State, Zip Code</u>

(Failure to notify the Court of your change of address may result in dismissal of this action.)

☒ FILED      ☐ LODGED

# Mar 30 2015

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

JAMES ADAM MEDINA                    , )
(Full Name of Petitioner)                )
                        Petitioner,    )
                                       )
vs.                                    )   CASE NO. _____
                                       )        (To be supplied by the Clerk)
CHARLES RYAN                    , )
(Name of the Director of the Department of )
Corrections, Jailor or authorized person having )
custody of Petitioner)                  )
                                       )   **PETITION UNDER 28 U.S.C. § 2254**
                                       )   **FOR A WRIT OF HABEAS CORPUS**
                        Respondent,    )   **BY A PERSON IN STATE CUSTODY**
                        and            )   **(NON-DEATH PENALTY)**
The Attorney General of the State of Arizona , )
                                       )
                        Additional Respondent. )
_____ )

## PETITION

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging: _____
    ARIZONA SUPERIOR COURT, Pima County
    110 West Congress Street Tucson, Arizona  85701-1317

    (b)  Criminal docket or case number:  CR- 2010303-001

2.  Date of judgment of conviction:  February 28, 2011

3.  In this case, were you convicted on more than one count or crime?      Yes ☒      No ☐

**530**

1 of 26

4. Identify all counts and crimes for which you were convicted and sentenced in this case: _____
   _Two counts of sexual conduct with a minor in the second degree._
   _____
   _____

5. Length of sentence for each count or crime for which you were convicted in this case: _____
   _Two consecutive presumtive 10 year prison terms._
   _____
   _____

6. (a) What was your plea?
   Not guilty                      ☐
   Guilty                          ☒
   Nolo contendere (no contest)    ☐

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge,
   give details:  _N/A_____
   _____
   _____
   _____

   (c) If you went to trial, what kind of trial did you have?  (Check one)      Jury ☐      Judge only ☐

7. Did you testify at the trial?      Yes ☐      No ☐

8. Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
   Yes ☐    No ☒

   If yes, answer the following:

   (a) Date you filed: _____

   (b) Docket or case number: _____

   (c) Result: _____

   (d) Date of result: _____

   (e) Grounds raised: _____
   _____
   _____
   _____
   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

2 of 26

9. Did you appeal to the Arizona Supreme Court?        Yes ☒        No ☐

If yes, answer the following:

(a) Date you filed: Motion to Continue Time for Filing (Petition for Review) Nov. 6, 2013

(b) Docket or case number: CR-13-0396-PR

(c) Result: DISMISSED: not having filed a Petition by February 24, 2014.

(d) Date of result: March 13, 2014

(e) Grounds raised: Ineffective counsel: gross neglect of duty in open court. Trial counsel withheld critical disclosure and failed to investigate. Trial Court in breach of contract. Defendant denied rights too competent counsel at sentencing and counsel free from conflict.
In violation of Defendant's rights to due process and counsel: U.S. Const. Amend. 5, 6 and 14; Ariz. Const, Art 2, §§ 4 and 24.

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

10. Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

If yes, answer the following:

(a) Date you filed: _____

(b) Docket or case number: _____

(c) Result: _____

(d) Date of result: _____

(e) Grounds raised: _____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?        Yes ☒        No ☐

If yes, answer the following:

3 of 26

(a)  First Petition.

(1)  Date you filed: _November 21, 2011_

(2)  Name of court: _SUPERIOR COURT OF ARIZONA_

(3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _RULE 32_

(4)  Docket or case number: _CR - 20103003 - 001_

(5)  Result: _Evidentiary Hearing_

(6)  Date of result: _March 19, 2012_

(7)  Grounds raised: _Trial counsel ineffective; Plea was taken without due process; Trial counsel withheld critical disclosure and failed to investigate. In violation of Defendants federal and state constitutional rights to due process and counsel. U.S. Const. Amends 5, 6, and 14; Ariz. Const. art 2 §§ 4 and 24_

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second Petition.

(1)  Date you filed: _May 22, 2013_

(2)  Name of court: _SUPERIOR COURT OF ARIZONA_

(3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _RULE 32_

(4)  Docket or case number: _CR - 20103003 - 001_

(5)  Result: _DENIED_

(6)  Date of result: _August 29, 2013_

(7)  Grounds raised: _Whether appellate counsel was ineffective for failing to argue that the Court improperly considered Petitioner's lack of acceptance of responsibility and lack of remorse in imposing consecutive sentences in this case and thus, imposed illegal sentences. In violation of Defendants federal and state constitutional rights to due process and counsel. U.S. Const. Amends 5, 6, and 14; Ariz Const art 2 §§ 4 and 24._

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Third Petition.

   (1)  Date you filed: _July 12, 2012_

   (2)  Name of court: _COURT OF APPEALS, STATE OF ARIZONA DIV. 2_

   (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _Petition for Review_

   (4)  Docket or case number: _2 CA-CR-2012-0266-PR_

   (5)  Result: _REVIEW GRANTED, RELIEF DENIED_

   (6)  Date of result: _November 27, 2012_

   (7)  Grounds raised: _Ineffective assistance of counsel: gross neglect of duty in open court; Trial counsel withheld critical disclosure and failed to investigate. Premature sentencing; Defendant denied rights to competent counsel at sentencing and counsel free from conflict._
   _In violation of Defendant's federal and state constitutional rights to due process and Counsel, U.S. Const. Amends. 5, 6 and 14; Ariz. Const. art 2 §§ 4 and 24._
   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

   <u>Arizona Court of Appeals:</u>          <u>Arizona Supreme Court:</u>

   (1)  First petition:   Yes ☒   No ☐          Yes ☒   No ☐

   (2)  Second petition: Yes ☐   No ☐          Yes ☐   No ☐

   (3)  Third petition   Yes ☐   No ☐          Yes ☐   No ☐

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____
   _____
   _____
   _____
   _____
   _____

12.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.**  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

   **CAUTION:**  To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Ineffective Assistance of Counsel: gross neglect of duty in open court. Counsel deviated from the due course of law - breaching his duty of loyalty and work ethics in the intrest of the defendant. Counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Ammendment. Counsel's abidication of duty and deficient performance prejudiced the defendants defence, depriving the defendant a fair trial. Trial counsel's actions were plain error.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

1). On February 7, 2011, the date set for sentencing, the Court gave Medina, through counsel, Mr David McDaniel, time to file any pleading in support of a manifest injustice to withdraw from the plea. See: (Sentencing, 2-7-11, Minute Entry, pg. 2:2, attached - Exhibit - A).

2). At this time trial counsel, McDaniel testified: "I will not be intending on filing anything ---." See: (Rule 32, 11-21-11, Exhibit - C, Sentencing, 2-7-11, pg. 8:8-11).

3). McDaniel filed nothing in support of Medina's request to withdraw from the plea. See: (Evidentiary Hearing, 3-19-12, pg. 75:9-19).

4). Prejudiced: McDaniel could have pointed to: (Exhibit - H, Rule 32, 11-21-11) - legal material, as supporting a withdrawal from the plea, but he did not. He filed nothing instead. See: (DKT. #76, Reply to State's Response to Rule 32 Petition, 1-11-12, pgs. 5-7, attached-Exh. - B).

5). Prejudiced: The trial Court was left without any information, basis, or reason to permit Medina to withdraw from the plea. See: (Rule 32, 11-21-11, Exhibit-E, Sentencing, 2-28-11, pg. 10:24,25; pg. 11:1,2).

6). Because of McDaniel's gross neglect of duty in open court, Medina had him removed as his legal counsel. See: (Rule 32, 11-21-11, Exhibit - E, Sentencing, 2-28-11, pg. 3:14-21).

7). At sentencing on 2-28-11, Medina was represented by a different lawyer from the "same office", who knew very little about the case. See: (Rule 32, 11-21-11, Exhibit - E, Sentencing, 2-28-11, pg. 3:22-25, pg. 4:1-5, pg. 6:15-25, pg. 7:1-16).

8). Prejudiced: Medina is being represented at sentencing, a critical stage in his case, by incompetent counsel with an inherent conflict.

9). The foregoing actions resulted in the violations of defendants federal and state constitutional rights to due process and effective counsel. U.S. Const. Amed. 5 - 6 and 14; Ariz. Const. art 2 §§ 4 and 24.

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals? Yes ☒    No ☐

(c) If yes, did you present the issue in a:
  - Direct appeal          ☐
  - First petition          ☒
  - Second petition      ☐
  - Third petition         ☐

(d) If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

_____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court? Yes ☐    No ☒

**GROUND TWO**: Judicial Indiscretion: Trial Court in breach of contract by failing to perform One's own promise. In relinquishment of Rule 17.5, Ariz. R. Crim. P. The trial Court's decision to proceed with sentencing on, 2-28-11, was erroneous and highly prejudicial, for these reasons; 1). Trial Court in breach of contract; 2). Trial councel's pretrial preperation and investigation was manifestly ineffective; 3). Inherent Conflict between attorneys; 4). Defense was impaired and prejudiced by abidication of prior counsel.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

1). The Court gave Medina, through counsel, Mr. David McDaniel, time to file any pleading in support of a manifest injustice to withdraw from the plea. See: (Sentencing, 2-7-11, supra, Minute Entry, pg. 2:2, attached - Exhibit - A).

2). At sentencing on, 2-28-11, Medina was represented by a different lawyer, Mr. Verne S. Hill, from the same office. See: (Rule 32, 11-21-11, Exhibit - E, Sentencing, 2-28-11; also: RE: Attorney Reassignment, 2-17-11, attached - Exhibit - C).

3). Mr. Hill, met only "once" with Medina prior to sentencing for introduction and stated his intent to file a Motion To Continue Sentencing, to prepair a defense to withdraw from the plea. See: (Motion To Continue Sentencing, 2-22-11, attached - Exhibit - D).

4). The timing for the request was completely appropriate. See: (FED. R. CRIM. P. 11 (d)(2)(B)).

5). The Court denied Mr. Hill's request for continuence and ultimately sentenced Medina to two consecutive presumptive 10 year prison terms. See: (Rule 32, 11-21-11, Exhibit - D, 2-28-11, Minute Entry).

6). The Court's failure to apply court procedural Rule 17.5, Ariz. R. Crim. P., constitutes failure to perform duty required by law. Violating a state created liberty interest, and there-by deprived Medina his federal due process right. U.S.C.A. 14.

7). Prejudiced: Sentencing was premature; Clear Error on Court's part based on breach of contract, the partiality of the Court knowing that a defense to withdraw from the plea was untenable at this time due to: Trial counsel's inadequate pretrial preperation and investigation; 2). Inherent Conflict between attorneys; 3). Defense was impaired and prejudiced by abidication of prior counsel. See: [GROUND ONE] this document, pg. 6, supra, all paragraphs and facts. The Court is in violation of Medina's, federal and state constitutional rights to due process and effective counsel. U.S.C.A. 5, 6, 14; Ariz Const. art 2 §§ 4, 24.

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?  Yes ☒   No ☐

(c) If yes, did you present the issue in a:
  Direct appeal         ☐
  First petition        ☐
  Second petition       ☐
  Third petition        ☐

(d) If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: ____
_____
_____
_____
_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court? Yes ☐      No ☒

**GROUND THREE:** Counsel Failed To Provide Crucial Disclosure: Trial counsel mislead the Court, Testifying that he provided and extensively reviewed this disclosure with Medina. He did not. Counsels errors and omissions precluded the Court from independantly judging merits of case. Counsel failed to exercise reasonable professional judgment, failing to conduct discovery, to interview witnesses or to conduct any discernable investigation prior to the plea being administered. Counsel provided no actual assistance. Thus the plea was taken without due process. Competence of counsel was not within the range of competence demanded of counsel in a criminal case.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

1) Undue Prejudice: Trial Court abused its discretion, basing its decision on the credibility of trial counsel's opinions and not facts. See: (Ruling, 4-11-12, pg. 2:3-40; pg. 3).

2) Common Sense Dictates: Medina wouldn't have entered into the plea had he been provided with this information. Medina was scared into taking the plea because he had "no" evidence in his favor, "nothing" except his own word. Without evidence in his favor Medina was scared about the potential consequences given his prior history and coerced by facing life in prison. (69-120 yrs) See: (Evi./Hrg., 3-19-12, pg. 19:19-25; 20:1-6; 25:6, 24, 25) also: (Ruling, 4-11-12, pg. 2:3, 4).

3) Counsel's testimony, that he brings his entire disclosure file with him for review when he visits, does not prove beyond a reasonable doubt that all disclosures are provided. See: (Ruling, 4-11-12, pg. 2:8,9).

4) Mr. McDaniel testified that he visited the Defendant four times at the Pima County Jail. See: (Ruling, 4-11-12, pg. 2:10,11); also: (Evi./Hrg., 3-19-12, Exhibit-A), attached, Exhibit-E).

5) 8-26-10, (1st visit), Introductions/Indictment process. See: (Evi./Hrg., 3-19-12, pg. 51:8-20)

6) 9-15-10, (2nd visit), McDaniel brought recordings of 7 witnesses statements for Medina to review. Evidence Item #1MM; #2MM; #4, #5MM; #12MM. See: (Ruling, 4-11-12, pg. 2:11-13); also: (First-Disclosure, 9-9-10, pg. 100009, 100010) attached, Exhibit-F).

7) McDaniel failed to provide all witness statements, including Medina's own oral statements. Item #3MM; #6MM-#11MM. See: (First Disclosure, 9-9-10, supra, pg. 100009, 100010), att.-Exh-F).

8) McDaniel never intended to provide Medina with his own oral statements, falling below an objective standard of reasonableness. See: (First Disclosure, 9-9-10, pg. 100003, attached, Exh-F). Counsel's failure to provide all witness statements bolsters Medina's response in pgh. #3.

9) Mr. McDaniel and Medina did not review the witness statements together. See: (Ruling, 4-11-12, pg. 2:13); (Petition for Review, 7-16-12, Issue #5, pg. 6,7); (Reply To States response To Rule-32 Petition, 1-11-12, pg. 2:27,28, pg. 3:1-4, attached, Exhibit-B) CONTINUED - PAGE, 8A

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals? Yes ☒    No ☐

(c) If yes, did you present the issue in a:

    Direct appeal      ☐
    First petition      ☒
    Second petition    ☐
    Third petition     ☐

(d) If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

_____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court? Yes ☐    No ☒

GROUND THREE: CONTINUED

(b). Supporting FACTS:

10). Medina reviewed witness statements alone using headphones and lap-top; "taking notes." McDaniel failed to return to consult and review these notes with Medina. The time spent reviewing these statements and taking notes was done in vain. See: (Evi/Hrg., 3-19-12, pg. 22:2; 38:8); (Sentencing, 2-28-11, pg. 21:10-13); (Petition for Review, 7-16-12, Issue #5, pg. 7:1-8); (Reply to States Response to Rule 32 Petition, 1-11-12, pg. 2:27, 28; 3:1-4, attached, Exhibit-B); (Ruling, 4-11-12, pg. 2:13-15). This was the totality of trial stratagy provided Medina prior to taking the plea. McDaniel, stops being an advocate for Medina and becomes an information channeler for the court. Fulfilling his obligations to the court; but providing no actual assistane in favor of Medina.

11). § 46.4 CRIMINAL LAW: If no actual assistance for the accused defense is provided, then the constitutional guarnty has been violated.

12). On, 10-27-10, McDaniel was provided, Supplemental Disclosure, (Three other men), refered to as Defendant's Exhibit-H, Rule 32, 11-21-11. See: (Response to Defendant's Petition for Post-Convection Relief, 12-28-11, pg. 1, attached, Exhibit-G).

13). 11-5-10, (3rd visit), 45 days has lasped since, 9-15-10 (2nd visit) with no legal assistance from McDaniel. At this time McDaniel was obligated to provide Medina with the material evidence (Exhibit-H, Rule 32, 11-21-11), which was provided him just 10 days prior. He did not. Instead, McDaniel "only" reviews proposed plea offer with Medina fulfilling his obligation to the court. See: (Notice to the Court, RE: Plea Agreement, 10-14-10, not attached).

14). Medina rejected the plea on, 11-10-10 based on his innosense and intent not to take a plea. See: (Response to Defendant's Petition for Post-Convection Relief, 12-28-11, pg. 1:15, attached, Exhibit-G).

15). Counsel was ineffective for failing to provide complete information at this critical stage of plea bargaining. Without complete informaton counsel's advice was faulty and incompetent. CONTINUED-PAGE, 8B

8A

GROUND THREE : CONTINUED

(c). Supporting FACTS:

Counsel was not acting as a diligent conscientious advocate would have. The Sixth Amendment right to effective assistance of counsel at every "Critical stage" of the process must apply to plea bargaining in all its forms U.S.C.A. Const. Amend. 6.

16). McDaniel was ineffective for failing to provide complete information to Medina. Had he done so Medina would have insisted -(Based on his - innosense)- that McDaniel conduct an investigation at this time. See: (Affidavit )

Medina would have wanted to know why the police conducted no serious or substantial follow-up. See: (Rule 32, 11-21-11, Exhibit-k, 4-22-11). But McDaniel did not investigate these allegations. see: (Rule 32, 11-21-11, pg. 4:18, 19, (2)).

17). Because of McDaniel's failure to follow the due course of law, Medina was not given equal protection under the law. U.S.C.A., Const. Amends. 5 and 14. Also see: (Rule 32, 11-21-11, pg. 5:1-6).

18). McDaniel was ineffective for failing to investigate. It was his duty to do so. See: State V. Scott, 118 Ariz. 383, 386, 576 P. 2d 1383, 1386, (App. 1978) ("it is counsel's duty to investigate carefully all defences of fact and law." citation omitted. U.S. Const. Amends. 5, 6, and 14; Ariz. Const., art. 2, §§ 4 and 24.

19). Counsel failed to exercise reasonable professional judgement: "As soon as practical the lawyer should seek to determine all relevant facts known to the accused." McDaniels desisron to wait untill we got closer to trial, or right after he delivered the pretrial order, was not practical nor reasonable of counsel in a criminal case. See: (Evi./Hrg., 3-19-12, pg. 69:20-25; 70:3-7).

CONTINUED - PAGE, 8C

GROUND THREE: CONTINUED

(d). Supporting FACTS:

20). 12-10-10, (4th visit), another 45 days has lasped since, 11-5-10, (3rd visit), with no legal assistance from McDaniel. Medina made several phone calls to McDaniel's office concerned about the status of the case, but to no avail. See: (Evi./Hrg., 3-19-12, Exhibit-A, attached, Exhibit-E).

21). At this time McDaniel reviews pretrial order with Medina fulfilling his obligation to the court, and tries to convince Medina that a plea is the best thing for him, but Medina would have to admit some kind of guilt. See: (Evi./Hrg., 3-19-12, pg. 29:11-13, 18). McDaniel promised Medina that he could get him 10 years and probation if he took a plea. See: (Affidavit). Counsel is not opperating as "counsel" guarnteed Defendant by the Sixth Amendment. McDaniel is trying to persuade Medina into taking a plea, prior to doing any pre-trial stratagy or investigating. Counsel is not opperating in favor of Defendant. Medina rejects McDaniel's advice at this time based on his innosence and intent not to take a plea. See: (Affidavit).

22). Counsel's advice is not within range of competence demanded of counsel in a criminal case: A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is crim- inal of fraudulent. (Rule 42 ER 1.2(d). R.O.T.S. Ct.) Counsel's representation fell below an objective standard of reasonableness, assisting client in the fraudulent misleading of the Court. See: (Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2065).

23). Counsel is ineffective for failing to provide competent information. Counsel testified that this in the time, (12-10-10), that he would have used an investigator, but Medina asked for the plea back. (see: Evi./Hrg., 3-19-12, pg. 66: 2-8; also, pg. 70: 3-7). McDaniel is clearly misleading the Court by testifying that; it was at the "jail" "at some point" when Medina asked if we could get the plea back. CONTINUED-PAGE, 8D

GROUND THREE : CONTINUED

(e) Supporting FACTS :

24). 12-13-10, Pretrial Conference : is when Medina was overtaken and over-whelmed with fear : sitting in court, getting ready to set a trial date, with "no" evidence in his favor, "nothing" except his own word, thinking - that this is it - McDaniel has done all that he was going to do, never even discussing going to trial, Medina was scared about the potential conse-quences given his prior history, and coerced by facing life in prison - 69 - to 120 years, asked McDaniel if the plea was still available. See : (Evi./Hrg., 3-19-12, pg. 20:1-8). McDaniels response when asked if the plea was still available was, "YES ! The prosecutor owed him one". See : (Evi./Hrg. 3-19-12, pg. 42:15-17). Not supprisingly, McDaniel denied making this comment. See : (Evi./Hrg., 3-19-12 pg. 68:17).

25). 2-5-11, (Last visit by McDaniel) McDaniel mislead the Court testifying, that he met extensively with Medina even on this day --- for a long period of time to assist Medina with his request to withdraw from the plea. See : (Sentencing, 2-7-11, pg. 7:19-22; also Exhibit-C, Rule 32, 11-21-11). McDaniel's visit this day was not long, nor did McDaniel meet extensively with Medina to assist with withdrawal from the plea. McDaniel was conta-cted by the mitigation interviewer, David Mitchell, informing McDaniel that there was a "problem". See : (Evi./Hrg., 3-19-12, pg. 67:18, 19). McDaniel was upset with Medina for wanting out of the plea. See : (Evi./Hrg. 3-19-12, pg. 27:15-17). McDaniel's only intention for this vist was to try to convince Medina into staying with the plea. See : ( Petition for Review, 7-16-12, Issue #3, pg. 4, 5); also (jail video, 1-31-11; 2-3-11). not available at this time.

26). Because of the omission of relevant evidence, there was an unlawfully induced plea of guilty obtained by Defense counsel, encouraged by the Court, and aided by the Prosecution, resuting in miscarriage of justice, and an illegal sentence.          CONTINUED - PAGE, 8E

GROUND THREE: CONTINUED

(f) Supporting FACTS:

27). The trial Court encouraged Defense counsel's errors and omissions, claiming that counsel's decision not to file a motion to withdraw from the plea was not ineffective assistance of counsel. See: (Ruling, 4-11-12, pg. 3).

28). Defendant's Rule 32 attorney - clearly - made the trial Court aware that this information was in fact "competent evidence." See: (Exhibit - B, pg. 4-7).

29). Thus, Counsel did have a legal means to support a motion to withdraw from the plea, but filed nothing instead. See: (GROUND ONE, pg. 6, pgh. #4).

30). The trial Court encouraged Defense counsel's errors and omissions by ignoring the simple fact that it was counsel's duty to investigate. See: (Page 8B, pgh. #18). Counsel was ineffective for failing to investigate, precluding the Court from independently judging the merits of the case. "It is clear that defendant is denied a fair trial where the actions of his or her attorney "precluded the fact-finder from independently judging the merits of the case." Thus, Medina was denied a fair trial. See: (United States v. Campbell, 616 F. 2d 1151, 1152 (9th Cir. 1980).

31). If not for the errors and omissions of counsel, Medina would not have been induced into taking a plea, and would have insisted on going to trial. See: (Affidavit).

Counsel was ineffective for failing to provide complete information to permit Medina to make an informed decision to reject the plea. "Guilty plea cannot be truly, voluntary unless deffendant possess' understanding of the law in relation to the facts" See: (United States v. Field, 39 F. 3d 15 (1st Cir. 1994). Strickland standard for ineffective assistance of counsel claims extends to the assistance with guilty pleas. See: (Gonzalez v. U.S., 33 FM 1047 (9th Cir. 1994).

32). The outcome of the proceedings would have been different, had counsel investigated the underlying validity - CONTINUED - PAGE, 8F

GROUND THREE: CONTINUED

(g). Supporting FACTS:

of the allegations against the three other men, he would have discovered that at least two of the three men with whom Shelby claimed to have sex would have denied such claims and would have been able to testify at a trial held in this matter. At trial Shelby's overall veracity would have been suspect, and the states case would have been weakend or undermined completely. See: (Rule 32, 11-21-11, pg. 4: 4-28).

33). Fundamental Error: Defendant was denied his right to confrontation. Trial counsel was ineffective for failing to provide all "relevant evidence" which was vital to the central issue in the case (Shelby's credibility) the defendant's constitutional right to confrontation has been infringed. See: (Olden V. Kentucky, 488 U.S. 227, 232, 109 S.Ct. 480, 102 L.Ed. 2d 513 (1988)(per curiam); Delaware V. Van Arsdall, 475 U.S. at 679-80, 106 S.Ct. 1431; Davis V. Alaska, 415 U.S. at 316-17, 94 S.Ct. 1105; U.S. V. Sasson, 62 F.3d. 874, 882-83 (7th cir. 1995).

34). The simple fact that there is no mention of these allegations on record prior to the plea being administered speaks for itself, and highly bolsters Medina's claim that he never was provided this information.

35) Medina has shown that he is not affraid to speak up on his own behalf, See: (Sentencing, 2-7-11, pg. 8: 8-20). Here, McDaniel abidicates his duty to advocate in favor of Medina's request to withdraw from the plea, and is opperating in collusion with the state. "We've made it clear what Medina's position is", and is asking the court to proseed with sentencing. (Emphasis added).

36) Common Sense Dictates: had Medina been aware of these allegations of the "three other men" he would have spoken up at this time; also: When he wrote Mr. Sonenberg and - CONTINUED - 8G

8F

14 of 26

GROUND THREE: CONTINUED

(h). Supporting FACTS:

Mr. Hirsh to have McDaniel replaced. See: (Sentencing, 2-28-11, pg. 3:14-21); or at the Presentence Interview when Medina confided that he was not guilty of the allegations against him, and that the alleged victim was lying. See: (Presentence Report, 2-28-11); or during the Mitigation interview when Medina confided to the Mitigator that he was innocent and should not have taken a plea, and asked if it was possible to withdraw from the plea. See: (Evi./Hrg., 3-19-12, pg. 26:14-18); or at his introduction visit with new Counsel, Mr Hill, who knew very little about the case. See: (Sentencing, 2-28-11, pg. 3:22).

37). It would make no sense for the Court to believe Medina was provided this information and failed to mention it at least "once" during his pleading of innocence. Medina has been pleading innocent from the beginning. See: (Affidavit)

38). Based on the foregoing,

Defense Counsel was ineffective for failing to provide complete information in collusion with the prosecution and encouraged by the Court. Defendant has shown that counsel had no intent on providing this relevant evidence to Medina, Counsel was never operating in favor of Medina, and provided no actual assistance in Medina's defense prior to the plea being administered.

39). Defense counsel in collusion with the State withheld "potentially exculpatory evidence" unlawfully because of Medina's past history. See: (Rule 32, 11-21-11, pg 5); (Page 8B, Paragraphs - #16 and #17).

40). Defence counsel and the State's reason for misleading the Court is there own fear of having to face the consequinces for bing found in collusion withholding potentially exculpatory evidence.

41). 28 U.S.C.S. §2254 allows a prisoner to seek a writ of habea corpus on the ground that he is in custody — CONTINUED - PAGE, 8H

8G

15 of 26

GROUND THREE: CONTINUED

(i) Supporting FACTS:

In violation of the constitution. Defense counsel, David McDaniel has shown himself to be constitiutionally ineffective.

42) The established methodology for determining whether there has been reasonably effective assistance rendered entails a thorough inquiry into the actual performance of counsel as revealed by the totality of circumstances in the entire record.
Washington v. Strickland, at 1250; Washington v. Estelle, 648 F. 2d 276 at 279 (5th Cir. 1981); Lovett v. Florida, 627 F. 2d 706.

43) Citing Boag v. MacDougall, 454 U.S. 364, 70 L. Ed. 2d 551, 102 S.Ct. 700 (1982); Haines v. Kerner, 404 U.S. 519, 30 L. Ed 2d 652, 92 S. Ct. 594 (1972).
Pro Se litigants pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, If Court can reasonably read pleadings to state a valid claim on which litigant could prevail it should do so despite failure to cite proper case law (legal authority), confusion of legal theories, poor syntax and sentencing, construction, or litigats unfamiliarity with pleading requirements.

END OF GROUND THREE.

**GROUND FOUR:** <u>Actual Innocence, Petitioner is required to establish an independent consti-</u>
<u>tutional violation absent the facts. In carrier 447 U.S. 478, requires petitioner to show that a</u>
<u>constitutional violation has probably resulted in his conviction of one who is actually innocent.</u>
<u>Petitioner additionally implicating a fundamental miscarriage of justice. Petitioner's claims are</u>
<u>saved by his stipulations shown above that is on record.</u>

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):
Petitioner, Medina, has been claiming his innocence from the very beginning; with out re-
iterating see the following:
1). Evidentiary Hearing, 3-19-12, pg. 19: 20-21; 26: 15-17; 68: 3-11
2). Presentence Report, 2-28-11, not attached, Interview not available at this time.
3). Presentence Interview, (change of heart) When Medina realized he had made a mistake
by taking the plea and confided that he was innocent of "all" allegations against him.
4). Sentencing, 2-7-11, pg. 4: 21-24
5). Sentencing, 2-28-11, pg. 21: 15-18
6). Evidence Item Number: *7MM, CD, JAMES MEDINA; #8MM, CD, phone conversation,
JAMES MEDINA; #9MM, DVD, JAMES MEDINA, not available at this time.
7). Exhibit- , attached (affidavit)
   Also; Medina's testimony that he "never" intended to take a plea corroborates and
bolsters Medina's claim of innocent. see the following:
1). Evidentiary Hearing, 3-19-12, pg. 15: 1,2; 19: 20,21; 63: 9-13; 81: 18-25; 82: 1-5.
2). Sentencing, 2-28-11, pg. 9: 24, 25: 10: 1-3.

(b)  Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☐      No ☒

(c)  If yes, did you present the issue in a:
          Direct appeal            ☐
          First petition           ☐
          Second petition          ☐
          Third petition           ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____

(e)  Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐      No ☒

GROUND FIVE : Prosecutorial Misconduct ; withholding relevant evidence.
Prosecutor's suppression of evidence resulted in selective prosecution in collusion
with defense counsel and encouraged by the Court, based on Defendant's prior
history. Prosecutor's actions denied Defendant his due process rights to:
Equal Protection of the Law - Confrontation - Fair Trial. Resulting in a
miscarriage of justice and an illegal sentence.

(a) Supporting FACTS :

1). This evidence was a police report of an interview with the victim
(Shelby) in which she alleged she had sexual encounters with three other
men "around the approximate period during which she alleged Defendant"
had sexual relations with her.

2). It might be assumed that police followed-up on these allegations regard-
ing the three other men. In fact, police conducted no serious or substan-
tial follow-up. See: (Rule 32, 11-21-11, Exhibit - K).

3) The only differences in the two cases was that Medina was prosecuted,
but the other three men were not, and that Medina is a registered sex
offender, and presumably the others are not. See: (Rule 32, 11-21-11, pg. 4:15-22)

4). Under the Equal Protection clause: The 14th Amendment provision requiring
the states to give similarly situated persons or classes similar treatment
under the law. See: (Qyzel v. Marks, 6 F. 3d 116 (3rd Cir. 1993); (U.S. v. Deering,
179 F. 3d 592 (8th Cir. 1999) Equal Protection violation occurs when government
treats someone differently than another who is similarly situated.

5). The prosecutor has an obligation to seek justice not merely a convic-
tion, and must refrain from using improper methods to obtain a convic-
tion. See: (State v. Hughes, 193 Ariz. 72 969 P. 2d 1184 (1998) Id @ 80, 969, P.2d
@ 1198. (Citation omitted).

CONTINUED - PAGE, 9B

9 A

GROUND FIVE: CONTINUED

(b) Supporting FACTS:

6). On 2-7-11, the date set for sentencing. Defense counsel informs the Court that the Defendant wishes to withdraw from the plea and go to trial. See: (Sentencing, 2-7-11, pg. 4:19,20).

7). The Prosecutor at this time is given the opportunity to come forward and give up the evidence that he is withholding. Instead, acting in bad faith, failing to execute reasonable professional judgmet, chose to supress the evidence further by objecting to any withdrawal from the plea, stating, "Medina's [only basis] is now he feels that he did not do what he's charged with." See: (Sentencing, 2-7-11, pg. 5:16-19).

8). At this time the Court on its own motion continued sentencing based on Medina's claim of innocence and his motion to withdraw from the plea, gave Medina through "counsel", time to file any pleading in support of a manifest injustice. Nothing was filed. See: (Ground One, pg. 6, pgh. #3).

9). Defense counsel, in collusion with the prosecutor, acting in bad faith, chose to suppress the evidence instead of using it in defense of his client. See: (GROUND ONE, pg. 6, pgh. #4 and #5).

10). On 2-28-11, date set for sentencing. The Procecutor is given another opportunity to come forward and give up the evidence which he is supressing, but instead files an objection to the motion to continue (pg. 5:1,2), stating, "Medina's request is really not bassed any more on the desire to change his mind than anything else" (pg. 5:14).

11). It was wrongful conduct for the prosecutor to express his opinion to the Court concerning Medina's guilt. " Prosecutor's are not allowed to state their belief of opinion regarding the guilt of the defendant.

CONTINUED- PAGE, 9 C

9 B

GROUND FIVE: CONTINUED

(c). Supporting FACTS:

See: (Dubria v. Smith, 197 F. 3d 390 (9th Cir. 1999);

(Aus v. Garcia-Guizar, 160 F. 3d 511 (9th Cir. 1998).

12). At sentencing on 2-28-11, Medina was represented by a different lawyer, (Mr. Hill), from the same office as McDaniel, who was replaced for his misconduct. McDaniel could have provided this information to Mr Hill to use in Medina's defense, but he did not. Hill new very little about the case. See: (GROUND TWO pg. 7, pgh. #2, #3; GROUND ONE, pg. 6).

CONFLICT: Mr Hill being from the same office had access to the case files. Hill was incompetent for filing a motion to access these files.

13). Prosecutor, Hope and defense counsel, McDaniel are in collusion based on Medina's prior history, which "did not involve the same sort of facts" as Mr. Hope mislead the Court. The only similarity was that both cases involved an underaged female. (not to minimize.) See: (Sentencing, 2-28-11, pg. 16:21-23); (Sentencing, Sept., 1994); (9B/c, pgh. #11).

14). The prosecutor also is bound by the ethics of his office to inform the Court of information that casts doubt upon the correctiveness of the conviction. And yet Mr Hope continues to slander Medina's conviction process by withholding impeachment evidence and at the same time states, "It is disturbing that he (Medina) says that the victim lied" See: (Sentencing, 2-28-11, pg. 17:3,4).

15) Due process right to be informed by prosecutor includes impeachment evidence; evidence that discredits the credibility of prosecuting witness. See: (Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 766 (1972).

16) Mr Hope continues to slander Medina's conviction process by stating, Medina's "lack of remorse" should be used as an aggravating factor.

CONTINUED - PAGE, 9D

9C

GROUND FIVE: CONTINUED

(d). Supporting FACTS:

See: (Sentencing, 2-28-11, pg. 17:13,14; 23:15). It would be impossible for Medina to be remorseful for something he did not do. See: (pg. 21:16-18).

17). The Court giving consecutive prison sentences, noted the Defendant's, failure to accept responsibility, and --- lack of remorse for the victim See: (pg. 23:1-3); (Petition for Post-Conviction Relief, 5-22-13, pg. 3:4-17).

18). In Arizona it has been well established that "in sentencing a defendant, a court may not consider his or her lack of remorse or failure to admit guilt" State v. Trujillo, 227 Ariz. 314 §14, 257 P. 3d 1194 (App. 2011). However, that is exactly what the court did in this case.

19). The Court abused its discretion at this time in giving consecutive prison terms based on Medina's, lack of remorse and failure to take responsibility.

20) It was made clear to the Court "at this time" by the prosecutor that he "believed --- that there's a possibility that these could be run concurrently. See: (pg. 23:12-15, 20-22).

21). Whether or not these charges could be ran concurrent, the Court was clearly under the impression "at this time" that they could be.

22) The Court's decision at this time to run these consecutively was clearly induced by the vindictive posture of the Prosecutor, Hope. based on Medina's prior history. See: (pg. 9c, pgh. #13, #14, #16).

23). Because of the Prosecutor's misconduct the Court improperly concidered Defendant's lack of acceptance of responcibility and lack of remorse in giving consecutive sentences in this case and thus, impossed illegal sentences.

24) Based on the foregoing the Procecutor has shown to have -

CONTINUED - PAGE, 9E

9D

GROUND FIVE: CONTINUED

(e) supporting facts

engaged in selective prosecution, in collusion with defense counsel, David McDaniel, thier motive based on Medina's prior history. McDaniel, and Hope presumed Medina guilty before trial. This is the "one" that the prosecutor owed McDaniel for. See: (Evi/Hrg. 3-19-12, pg. 42:15-17).

25) The reason for the actions of the prosecutor and defense counsel at this time would be, "avoidance of an unfair trial." It was never intended for this information to come to light.

26) Because of Prosecutorial Misconduct, selective prosecution, Medina's due process rights have been violated:

27) Right to "equal protection of the law". equal protection component of the fith Amend. Due Process Clause precludes selective enforcement of the law based upon an unjustifiable standard such as race, religion or other arbitrary classification. See: (U.S. v. Deering, 179 F. 3d 592 (8th Cir. 1999).

28) A state may not arbitrarily prevent defendant from presenting evidence that is material, trust worthy, and important to his defense. See: (Gray v. Klauser, 282 F. 3d 633 (9th cir. 2002).

29) Right to a fair trial; the prosecutor's suppression of relevant evidence prejudiced the defendants case precluding the Court from judging all merits of the case, denying Defendant a fair trial. See: (U.S. v. Lathern, 488 F. 3d 1043 (D.C. 4th Cir. 2007).

30) Right to Confrontation; Prosecutor's suppression of relevant evidence which was vital to the central issue in the case (Shelby's credibility) the defendant's constitutional right to confrontation has been infringed. See: ( supra, Olden v. Kentucky,

CONTINUED - PAGE, 9F

9E

GROUND FIVE : CONTINUED

(f) Supporting FACTS :

488 U.S. 227, 232, 109 S.Ct. 480, 102 L.Ed. 2d 513 (1988)(per curiam);

Delaware v. Van Arsdall, 475 U.S. at 679-80, 106 S.Ct. 1431;

Davis v. Alaska, 415 U.S. at 316-17, 94 S.Ct. 1105;

U.S. v. Sasson, 62 F.3d. 874, 882-83 (7th Cir. 1995).

31). Prosecutorial Misconduct by the Prosecutor, Mr Kremer Hope, resulted in miscarriage of justice and an illegal sentence.


(G). Did you present the issue in GROUND FIVE to the Arizona Court of Appeals?   No ☑


(H) Did you present the issue in GROUND FIVE to the Arizona Supreme Court?  No ☑


END OF GROUND FIVE

**Please answer these additional questions about this petition:**

13.  Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐       No ☒

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available: _____

_____

_____

_____

_____

_____

14.  Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐       No ☒

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

15.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?     Yes ☐       No ☒

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

    (b)  Date that the other sentence was imposed: _____

    (c)  Length of the other sentence: _____

    (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?     Yes ☒       No ☐

Depending on discovery

10

24 of 26

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

On March 13, 2014, in the Arizona Supreme Court, case no. CR-13-0396-PR was dismissed for not having filed a Petition by February 24, 2014. A mandate was issued by the Arizona Court of Appeals, Div. 2 on April 28, 2014. The Memorandum Decision attached to this Mandate did not pertain to this case. On April 30, 2014 Medina filed a Motion for Clairification, requesting the proper Memorandum Decision and to please clairify which proceedings are required at this time. Medina's, Motion for Clairification was denied on May 6, 2014. To stay within time frame and meet the one-year period of limitation for this court. Medina has submitted this Writ of Habeas Corpus. See: Case Docket, 2-13-15, pg. 3, Proceedings, attached, Exhibit-H.

*Section 2244(d) provides in part that:
   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: Based on the foregoing misconduct of all parties involved in this matter. Medina requests reversal of conviction and that this matter be vacated with instructions.
                              Jam 3-30-15

or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.)


   I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___03-30-15___ (month, day, year).

**Signature of Petitioner**

_____          ___3-30-15___
**Signature of attorney, if any**                         **Date**

25 of 26

# CERTIFICATE OF SERVICE

I hereby certify that on 3-30-15 I electronically filed the foregoing with the clerk of the court for the District Court, Div. 2, Pima County.

Submitted by Meadows Librarian, T. Dixon using her department cm/ecf system, and requested the clerk of the court to provide a copy as a qualified user of the cm/ecf system to the following:

Charles Ryan
Arizona Department of Corrections
Central Office
1600 W. Jefferson
Phoenix, AZ. 85007

Arizona Attorney General
1275 W. Washington
Phoenix, AZ. 85007

Pima County Attorney
32 N. Stone Ave. 1400
Tucson, AZ. 85701

In Propria Persona by: _James A. Medina_   Date: _3-30-15_
                              James A. Medina