# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Adam Medina,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-15-00126-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge Bernardo P. Velasco, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On July 8, 2016, Magistrate Judge Velasco issued a Report and Recommendation (R&R). He recommends that the Court dismiss the Petition with prejudice because it is barred by a one-year statute of limitation, and the actual innocence exception to the limitation period does not apply. The Court agrees and accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and dismisses the Petition, with prejudice.

## STANDARD OF REVIEW

The duties of the district court in connection with an R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to an R&R, "'[a] judge of the [district]

court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a de novo determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Petitioner,[1] and the parties' briefs considered by the Magistrate Judge in deciding whether or not to dismiss the Petition.

## OBJECTIONS

The Petitioner objects to the Magistrate Judge's R&R. He argues that his Petition was timely filed in respect to April 28, 2014, the date the Mandate issued. He asserts that if the Court agrees with the Magistrate Judge that the Petition was untimely, there was excusable neglect due to prison conditions such as insufficient research time in the prison library and/or the untimeliness should be excused because he is actually innocent.

## DISCUSSION

---

[1] The Court grants the Motion to File the Objection late. (Doc. 38).

The Court does not repeat the procedural history of this habeas case, which the Magistrate Judge set out in the R&R, (R&R (Doc. 34) at 1-4), except as is relevant here. Petitioner's PCR Petition was denied on April 12, 2012. The Arizona Court of Appeals accepted review but denied relief on November 27, 2012. After multiple extensions of time to file a petition for review in the Arizona Supreme Court, on February 24, 2014, the last extension of time expired. On March 13, 2014, the Arizona Supreme Court dismissed the matter and issued a Mandate on April 28, 2014. The Magistrate Judge correctly found the one-year time period for filing a federal habeas petition began when the time for review in the Arizona Supreme Court expired: February 24, 2014. This case was filed March 30, 2015, and is untimely.

As noted by the Magistrate Judge, the Antiterrorism and Effective Death Penalty Act of 1996, (AEDPA) "'imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court.'" (R&R (Doc. 34) at 4 (quoting *Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir. 2001) (citing 28 U.S.C. § 2244(d)(1))

Section 2244(d)(1) provides:

The limitations period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

In addition to the express language of the statute, the Ninth Circuit has addressed the circumstances of the Petition in this case: the statute of limitation runs from the "expiration of time for seeking [] review," which in this case was February 24, 2014. (R&R (Doc. 34) at 6) (citing *Hemmerle v. Schriro,* 495 F.3d 1069, 1073-74 (9th Cir. 2007)). The court in *Hemmerle* held that a direct review proceeding under 2244(d)(1)(A) concluded "on the date that petitioner's ability to seek review in the Arizona Supreme Court elapsed <u>and not when the mandate issued</u>." *Id.* (emphasis added).

/////

In his Objection, the Petitioner argues that exceptional circumstances exist due to his incarceration to toll the running of the statute of limitation period. The Court has reviewed Petitioner's assertion that the law library had only one copy of any given resource material, access was restricted to 4-hours a week, there was no computer access for research, and his indigency status was delayed which caused a one or two day delay in filing a request for an extension of time. The Court notes that the requested extension was granted. (Order (Doc. 36)). The remainder of the circumstances cited by the Petitioner "are hardly extraordinary given the vicissitudes of prison life, and there is no indication in the record that they made it 'impossible' for him to file on time." *Chaffer v. Prosper,* 592 F.3d 1046, 1049 (9th Cir. 2010) (citing *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009)).

Before the Magistrate Judge, the Petitioner sought tolling of the one-year statute of limitation period based on the excuse of actual innocence. In his Objection, he reiterates that his fundamental rights were violated because his allegedly ineffective trial counsel failed to present exculpatory evidence, and therefore, this Court's failure to review his habeas claim will result in a fundamental miscarriage of justice.

In the Ninth Circuit, a valid claim of actual innocence can act as a gateway to excuse an untimely filed habeas petition. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (applying *Schlup v. Delo*, 513 U.S. 298 (1995); *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013).

The Ninth Circuit has joined the "[t]hird [c]ircuit in recognizing that habeas petitioners can allege a constitutional [due process] violation from the introduction of flawed expert testimony at trial if they show that the introduction of this evidence 'undermined the fundamental fairness of the entire trial.'" *Gimenez v. Ochoa,* 821 F.3d 1136, 1145 (2016) (quoting *Lee v. Glunt,* 667 F.3d 397, 167 (3rd Cir. 2012) (relying on *Murry v. Carrier,* 477 U.S. 478, 494 (1986)); *see also Perkins*, 133 S.Ct. at 1931 (the Supreme Court has left open the question whether a freestanding actual innocence claim
/////

1 constitutes grounds for habeas relief in a non-capital case).  The trial must have been "'so
2 extremely unfair that it [] . . .  violate[d] fundamental conceptions of justice.'"  *Gimenez,*
3 821 F.3d at 1143 (quoting *Dowling v. United States,* 493 U.S. 342, 352 (1990)).

4 Under *Schlup,* the standard is demanding and permits review only in the
5 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S.
6 at 327 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)); *see also Schlup*, 513 U.S.
7 at 324 (emphasizing that "in the vast majority of cases, claims of actual innocence are
8 rarely successful")). At the gateway stage, the *Schlup* standard does not require absolute
9 certainty about the petitioner's guilt or innocence, but the Petitioner must "demonstrate
10 that more likely than not, in light of the new evidence, no reasonable juror would find
11 him guilty beyond a reasonable doubt—or, to remove the double negative, that more
12 likely than not any reasonable juror would have reasonable doubt."  *House,* 547 U.S. at
13 538.

14 Put another way, *Schlup* is not a trial do-over.  *Lee v. Lampert*, 653 F.3d 929, 946
15 (9th Cir. 2011) (Kozinski concurring). To pass through the *Schlup* actual-innocence
16 gateway, Petitioner must persuade this Court that, "more likely than not," "<u>every</u> juror
17 would have voted to acquit him."  *Id.* (emphasis added).

18 As the Magistrate Judge correctly noted, in the Ninth Circuit it has been assumed
19 without deciding that actual innocence claim is available to a defendant, who like the
20 Petitioner pleads guilty rather than be found guilty at trial. (R&R (Doc. 34) at 9 (relying
21 on *Smith v. Baldwin,* 510 F.3d 1127, 1140 n. 9 (9th Cir. 2007)).   This Court proceeds,
22 accordingly, and assumes that the Petitioner, who pled guilty, may urge the actual
23 innocence claim to excuse his failure to timely file his habeas Petition.

24 "On December 16, 2010, Petitioner entered a guilty plea to two counts of sexual
25 conduct with a minor in the second degree. In establishing the factual basis for his guilty
26 plea, Petitioner admitted: having oral sex with the victim by having her "suck my penis";
27 on another occasion, he and the same victim had sexual intercourse; and that both of the
28 incidents occurred when the victim was fourteen years of age. At Ground IV of his

federal Petition, Petitioner claims that he is actually innocent, that he has been "claiming his innocence from the very beginning", and that he "'never' intended to take a plea." To support his claim, Petitioner cites, among other things, his testimony at the evidentiary hearing during his direct-review, Rule 32, proceeding that he "definitely wouldn't have taken a plea…" if he had been aware of the police report that he claims his defense counsel did not show him and of which he was unaware until Rule 32 counsel showed it to him." (R&R 10) (citations omitted).

Petitioner asserts that the untimeliness of his Petition "is excused based on his assertion of actual innocence due to newly discovered exculpatory evidence. "It is undisputed" that the information Petitioner claims he did not know about involved the victim's statements to police that she had exchanged sex for favors with three other men (two teachers and a hall monitor) around the same time as her alleged encounters with the Petitioner. According to the Petitioner, he learned during the Rule 32 proceeding, that two of the three men would have testified that they did not have any inappropriate contact with the victim and that the police did not even contact these other alleged perpetrators. He argues that this evidence reflects the police did not believe the victim. Because the evidence against Petitioner was not forensic, but was testimonial and primarily, if not entirely, based upon the credibility of the victim, Petitioner argues this exculpatory evidence would have shown he was actually innocent. (R&R (Doc. 34) at 10-11) (citations to the record omitted).

This Court agrees with the Magistrate Judge's assessment of this alleged exculpatory evidence. At best, it casts doubt on Petitioner's guilt. This is insufficient to get through the actual innocence gate. (R&R (Doc. 34) at 12) (citing *Jones v. Taylor,* 763 F.3d 1242, 1251 (9th Cir. 2014)). Petitioner must go beyond demonstrating doubt and must affirmatively prove that he is probably innocent. *Id.* (citing *Herrera,* 506 U.S. at 442-44 (Blackmun, J., dissenting)). The type of new reliable evidence needed to make an actual innocence claim is exculpatory scientific evidence, a trustworthy eyewitness account or critical physical evidence. Plaintiff's statements of innocence, which were

made in the state court, are neither new nor reliable. Likewise, "speculating about the victim's motive for her accusations against him does not constitute new evidence"; [i]nstead, the evidence is of questionable impeachment value at best." (R&R (Doc. 34) at 12-13.)

The allegedly exculpatory evidence relied on by Petitioner does not allow him to pass through the *Schlup* actual-innocence gateway because it has not persuaded this Court that, more likely than not, every juror would have voted to acquit him.

## CONCLUSION

After de novo review of the issues raised in Petitioner's Objection, this Court agrees with the recommendation of the Magistrate Judge in his R&R to dismiss this Petition, with prejudice.

**Accordingly**,

**IT IS ORDERED** that the Motion to File the Objection late (Doc. 38) is GRANTED.

**IT IS FURTHER ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 34) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Petition is time barred by the AEDPA statute of limitations, 28 U.S.C. § 2254(d)(1), and dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, he may not proceed in forma pauperis because the Court does not grant a certificate of

/////
/////
/////
/////

1  appealability; the dismissal of this Petition is justified by a plain procedural bar and
2  jurists of reason would not find the procedural ruling debatable. *See Slack v. McDaniel*,
3  529 U.S. 473, 484 (2000).

   Dated this 14th day of October, 2016.

   Honorable David C. Bury
   United States District Judge